UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Harmony Holdings, LLC,

    Plaintiff,

v.                                                        Civil Action No. 2:18-cv-203-jmc

Linda Lounsbury Van Eck,
Jan Van Eck,

    Defendants.

## REPORT AND RECOMMENDATION
(Doc. 1)

In this civil action originally commenced in Washington County Superior Court, Plaintiff Harmony Holdings, LLC, seeks ejectment and damages for unpaid rent in the amount of $3,000 from Defendants Linda Lounsbury Van Eck and Jan Van Eck (the Van Ecks). (Doc. 4.) Proceeding *pro se*, the Van Ecks filed separate Answers and counterclaims against Harmony Holdings, LLC. (*See generally* Docs. 28, 69.) In his Answer, Jan Van Eck denied liability and brought a counterclaim seeking $2,000,000 for an alleged assault purportedly arranged by a member of Harmony Holdings. (*See generally* Doc. 28.) Likewise, Linda Van Eck denied liability in her Answer and also brought two counterclaims, alleging that the same member of Harmony Holdings threatened and harassed the Van Ecks and also contending that Harmony Holdings breached a contract to sell the property to the Van Ecks. (*See generally* Doc. 69.) On November 27, 2018, however, the Superior Court entered an order refusing to recognize Linda Van Ecks's

counterclaims for failure to pay the requisite filing fee. (Doc. 76.) Subsequently, on November 30, 2018, both Van Ecks removed the action to this Court, stating in their Notice of Removal that Harmony Holdings "is an alien" and that the value of the property is at least $151,000. (Doc. 1 at 1, 3.) For the reasons set forth below, I recommend that the case be REMANDED to the Superior Court as improvidently removed, pursuant to 28 U.S.C. § 1447(c).

Pursuant to 28 U.S.C. § 1441, a defendant may remove any civil action brought in a state court "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A district court has original jurisdiction over the subject matter of a civil action in two instances: (1) if the case involves a question arising under the U.S. Constitution or federal statute, creating federal question jurisdiction, 28 U.S.C. § 1331; or (2) if there is complete diversity of citizenship between plaintiff and all defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a)(1); *see also Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000) (delineating two categories of subject-matter jurisdiction). In the context of removal, because actions that are removed from state courts to federal courts "raise[] significant federalism concerns," removal jurisdiction is "strictly construe[d]." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447(c); *see also Malanca v. Worth*, No. 3:11cv0056(SRU)(WIG), 2011 WL 941381, at *2 (D. Conn. Feb. 8, 2011) (stating

that "[l]ack of removal jurisdiction may be raised by the Court *sua sponte*" and upon determination that the court lacks subject-matter jurisdiction, "a remand is mandatory").

Where a defendant seeks removal based solely on diversity of citizenship, the defendant bears the burden of satisfying a number of requirements. *Yakin v. Tyler Hill Corp.*, 566 F.3d 72, 75 (2d Cir. 2009) ("[T]he removing defendant bears the burden of demonstrating the propriety of removal."). First, the parties must be diverse both at the time of removal and at the time the state court complaint was filed. *See United Food & Commercial Workers Union, Local 919, AFL–CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (stating the "usual rule is that removability is determined from the record as of the time the petition for removal is filed but where [the] basis of removal is diversity then diversity of citizenship must exist at [the] time [the] action was filed in state court as well as at [the] time of removal"). Second, for the purposes of removal, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy" and must exceed $75,000. 28 U.S.C. §§ 1446(c)(2); 1332(a). Finally, under the forum defendant rule, a defendant may not remove a civil action based solely on diversity jurisdiction if the defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b)(2); *see Cheung v. Bristol-Myers Squibb Co.*, 282 F. Supp. 3d 638, 642 (S.D.N.Y. 2017) ("This restriction on removal when there are in-state defendants is known as the forum defendant rule.").

Here, the Van Ecks do not cite to any provision of federal law, nor do they suggest any federal cause of action. Indeed, the proceeding appears to be a standard eviction action, not a cause of action supporting federal question jurisdiction. (*See* Doc. 4.)

Similarly, no valid basis exists for diversity jurisdiction. First, and most plainly, the Van Ecks are Vermont citizens. (*See* Doc. 1 at 3; *see also* Docs. 7, 8.) Because the Van Ecks are citizens of the state in which this action is brought, the forum defendant rule prohibits them from removing the case to this Court. *See* 28 U.S.C. § 1441(b)(2); *Countrywide Home Loans v. Young*, No. 2:13–cv–50, 2013 WL 1386289, at *1 ("Because [the defendant] is a Vermont resident seeking to remove a case to the federal court in Vermont, she cannot avail herself of the removal provision in § 1441(b)."); *Rivas v. Bowling Green Assocs., L.P.*, No. 13-cv-7812 (PKC), 2014 WL 3694983, at *1 (S.D.N.Y. July 24, 2014) ("It has long been a feature of federal removal practice that the removing party may not be a citizen of the state where the district court sits."). Moreover, Harmony Holdings seeks only $3,000 in damages and unpaid rent (*see* Doc. 4), an amount far below the $75,000 threshold required for diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a); 1446(c)(2). To the extent that the Van Ecks rely on the purported price of the property or the claim for $2,000,000 set forth in Jan Van Eck's counterclaim, "jurisdiction may not arise out of a defendant's defense or counterclaim." *Countrywide Home Loans*, 2013 WL 1386289, at *1. This is particularly true under these circumstances because the Superior Court refused to recognize Linda Van Ecks' counterclaim seeking damages

4

for Harmony Holdings' purported breach of contract.  (*See* Doc. 76.)  Finally, it is by no means clear that the parties are completely diverse.  As a limited liability company, the citizenship of Harmony Holdings depends on the citizenship of each of its members.  *Lewis v. Allied Bronze LLC*, No. 07 Civ. 1621(BMC), 2007 WL 1299251, at *1–2 (E.D.N.Y. May 2, 2007).  The Van Ecks have not provided the Court with the identities and citizenship of Harmony Holdings' members in their Notice of Removal, even though they bear the burden of establishing the propriety of removal.  Accordingly, this Court cannot determine whether or not the parties are completely diverse.

For all the reasons set forth above, I recommend that the case be REMANDED to state court as improvidently removed, pursuant to 28 U.S.C. § 1447(c).  The Clerk of Court shall assign this case to a United States District Court Judge for consideration of this Report and Recommendation.

Dated at Burlington, in the District of Vermont, this 27th day of December 2018.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c).  Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).