U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2019 APR 30 PM 1: 15

CLERK
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

HARMONY HOLDINGS, LLC, )
)
Plaintiff, )
)
v. ) Case No. 2:18-cv-203
)
LINDA LOUNSBURY VAN ECK (a/k/a )
LINDA VAN ECK) and JAN VAN ECK )
(a/k/a IAN LOUNSBURY), )
)
Defendants. )

## OPINION AND ORDER
## ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, REMANDING THE CASE TO THE VERMONT SUPERIOR COURT, WASHINGTON COUNTY CIVIL DIVISION, AND GRANTING PLAINTIFF'S MOTION TO REMAND
(Docs. 78 & 80)

This matter came before the court for a review of the Magistrate Judge's December 27, 2018 Report and Recommendation ("R & R") (Doc. 78), in which he recommended the court remand to the Vermont Superior Court, Washington County Civil Division (the "Vermont Superior Court") the ejectment action initially filed in that court by Plaintiff Harmony Holdings, LLC and removed to this court by self-represented Defendants Linda Lounsbury Van Eck and Jan Van Eck (collectively, "Defendants"). On December 28, 2018, Plaintiff filed a motion to remand to the state court. (Doc. 80.) On January 15, 2019, Defendant Jan Van Eck ("Defendant Van Eck") objected to the R & R and opposed Plaintiff's motion to remand.

**I.    Factual and Procedural Background.**

On April 5, 2018, Plaintiff filed a Complaint in the Vermont Superior Court asserting claims for (1) breach of a rental agreement; (2) breach of a purchase contract; and (3) unjust enrichment and seeking $3,000 in unpaid rent and damages. Contrary to Defendant Van Eck's contention, no claim for a violation of the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-92p, may be found in the Complaint or Amended Complaint.

Plaintiff alleges that it owns property in Northfield, Vermont with regard to which the parties entered into a purchase and sale agreement. Defendants sought to reside in the rental unit on the property and entered into a rental agreement whereby Defendants took occupancy and agreed to make monthly payments until they purchased the property. Plaintiff further alleges that Defendants failed to make scheduled payments but continued to reside in the rental unit. As a result, Plaintiff served them with a notice of the termination of their tenancy.

On May 2, 2018, Defendants filed a motion to dismiss, and on May 7, 2018 Plaintiff filed a motion to amend its Complaint to update the caption to reflect Defendants' alleged aliases. On May 18, 2018, the Vermont Superior Court granted Plaintiff's motion to amend. Plaintiff subsequently filed a Second Amended Complaint, and Defendants filed a supplemental motion to dismiss. Thereafter, on June 11, 2018, Defendants filed their Answer and asserted counterclaims against Plaintiff. The Vermont Superior Court denied Defendants' supplemental motion to dismiss on September 20, 2018. On November 30, 2018, Defendants removed the case to this court.

## II. Legal Analysis and Conclusions.

### A. Standard of Review.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Self-represented parties are generally accorded leniency when making objections. *See Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting *Vasquez v. Reynolds*, 2002 WL 417183, at *5 (S.D.N.Y. Mar. 18, 2002)). Nevertheless, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Dixon v. Ragland*, 2007 WL 4116488, at *1 (S.D.N.Y. Nov. 16, 2007).

## B. Whether the Court has Subject Matter Jurisdiction.

Federal subject matter jurisdiction requires a "federal question," 28 U.S.C. § 1331, or plaintiffs and defendants of diverse citizenship with an amount in controversy that exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "The burden of persuasion for establishing diversity jurisdiction[] . . . remains on the party asserting it[,]" and "allegations of jurisdictional facts[] . . . must [be] support[ed] . . . by competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010).

With respect to the Magistrate Judge's conclusion that the court's jurisdiction is based solely on diversity of citizenship, Defendant Van Eck argues that federal question jurisdiction exists because "the matter sounds in breach of the Fair Debt Collection Practices Act[.]" (Doc. 84 at 1.) A claim based on a violation of the FDCPA requires a plaintiff to allege, among other things, that the plaintiff is a "consumer" and the defendant is a "debt collector" as those terms are defined in the FDCPA. Plaintiff does not allege an FDCPA violation. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a

3

federal question is presented on the face of the plaintiff's properly pleaded complaint."). There is no federal question in either the Complaint or Amended Complaint and Defendant Van Eck may not create one by recharacterizing Plaintiff's claims. *See id.* ("The [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."). Because eviction is a state law claim and does not present a federal question, federal question jurisdiction is not present. *See* 9 V.S.A. §§ 4451-69a.

Defendant Van Eck further contests the Magistrate Judge's conclusion that the parties are all Vermont citizens. Defendant Jan Van Eck contends that he is a citizen of Canada who is "permitted to live here quietly as a guest of the United States[,]" and that Defendant Linda Van Eck has an out of state driver's permit. (Doc. 84 at 5.) They allege that Plaintiff is "an alien" and is merely an alter-ego of Nancy Carpenter, a South Dakota resident, who purportedly filed falsified documentation with the Vermont Secretary of State improperly claiming to be a Vermont corporation. (Doc. 1 at 1.) Defendants further challenge the Magistrate Judge's conclusion that the case was improvidently removed because they "were never personally served[]" with the summons and the Complaint. (Doc. 84 at 5.)

With respect to removal jurisdiction:

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the . . . defendants[] . . . to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83 (2005) (noting that § 1441(a) "authorizes the removal of civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in a federal district court."). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1). "[T]he defendant bears the burden of

4

demonstrating the propriety of removal." *Cal. Pub. Emps. Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (quoting *Grimo v. Blue Cross/Blue Shield of Vt.*, 34 F.3d 148, 151 (2d Cir. 1994)).

"[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (internal quotation marks omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Pursuant to the "forum defendant rule," where the court's jurisdiction is based solely on diversity of citizenship and "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought[,]" the case "may not be removed[.]" 28 U.S.C. § 1441(b)(2); *see also Gibbons v. Bristol-Myers Squibb Co.*, 2019 WL 1339013, at *3 (2d Cir. Mar. 26, 2019) ("[W]here, as here, the only basis for federal subject-matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332, the forum defendant rule applies.") (internal quotation marks omitted); *id.* at *4 ("Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action.").

Because Defendants challenge whether they were properly served, Vermont law governs that determination. Pursuant to Vermont Rule of Civil Procedure 4, a plaintiff's attorney must deliver the complaint and summons as well as a return of service to a person who is qualified to make service. Vt. R. Civ. P. 4(a). The summons must "contain the name and address of the . . . parties, [and] be directed to the defendant[.]" *Id.* at 4(b). Personal service must be made on an individual "by delivering a copy of the summons and of the complaint to the individual personally[.]" *Id.* at 4(d)(1).

According to the executed summons, which was completed by Plaintiff's attorney, on April 13, 2018, the Washington County Sheriff's Department served "Ian Lounsbury" with a copy of the summons and the Complaint at certain real property located at 4303

5

Route 12A in Northfield, Vermont. (Doc. 20.) In parentheses, the Sheriff's Department refers to "Jan Vaneck" as the person upon whom service was made. *Id.* at 1. An executed summons was also filed indicating service of the summons and the Complaint on Defendant Linda Lounsbury on the same date and at the same location. (Doc. 21.) In its motion to amend the Complaint, Plaintiff represents that "Defendant Ian Lounsbury has also presented himself to the Plaintiff in the past as Jan Van Eck," and requested that the court allow amendment of the Complaint to "reflect[] the case caption as showing [his] alternative names." (Doc. 18 at 1.) On May 18, 2018, the Vermont Superior Court granted Plaintiff's motion to amend the Complaint in order to "correct[] the names of the parties as clarified in court on May 7, 2018." (Doc. 27 at 1.)

Although Defendants argue that the summons and the Complaint name "non-existent" parties, they do not argue that they did not in fact receive service of the summons and the Complaint. Indeed, Defendants thereafter filed an Answer and counterclaims in which they failed to assert the defense of insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5) ("A motion asserting any of these defenses [including insufficient service of process] must be made before pleading if a responsive pleading is allowed."); *see also Seward & Kissel v. Smith Wilson Co.*, 814 F. Supp. 370, 374 (S.D.N.Y. 1993) (concluding "the defense [of insufficient service of process] was waived, and cannot be renewed" where defendant "answered the complaint . . . and did not raise a service of process defense pursuant to Rule 12 in that answer" because "[o]nce [defendant] filed the answer—i.e., a responsive pleading—the right to raise a 12(b)(5) motion [for insufficient service of process] was lost").

"It is firmly established that diversity of citizenship 'should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record.'" *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (quoting *Wolfe v. Hartford Life & Annuity Ins. Co.*, 148 U.S. 389, 389 (1893)). "For purposes of diversity jurisdiction, a party's citizenship depends on his domicile." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998). "Domicile has been

6

described as the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id.* (quoting 13 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3612, at 526 (2d ed. 1984)).

Although Defendant Van Eck asserts that "[n]othing in the Record suggests any supporting facts" that Defendants are Vermont citizens (Doc. 84 at 7), Plaintiff alleges in its Amended Complaint that "Defendants occupy a rental unit . . . located [on Plaintiff's property] at 4303 Route 12A, Northfield, Vermont." (Doc. 18-2 at 1.) Defendants identify their address in Northfield, Vermont and a P.O. Box in Roxbury, Vermont on their notice of removal. Moreover, they represented in their motion to dismiss filed in the Vermont Superior Court that they "agreed to the purchase and sale of the subject Property" with Plaintiff and that "the van Eck family has occupied the subject Property [4303 VT 12-A, Northfield, Vermont] as their *primary and permanent residence*." (Doc. 10 at 1-2) (emphasis supplied). The R & R properly found these facts sufficient to support a conclusion that Vermont is Defendants' domicile. *See Hoodho v. Holder*, 558 F.3d 184, 191 (2d Cir. 2009) ("Facts admitted by a party are judicial admissions that bind that party throughout the litigation.") (alterations and internal quotation marks omitted).

For purposes of determining a corporation's citizenship, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated[.]" 28 U.S.C. § 1332(c)(1). In response to Defendants' objection that Plaintiff is not a Vermont citizen, Plaintiff submitted a Certificate of Good Standing filed with the Vermont Secretary of State on August 31, 2004, indicating Plaintiff is incorporated in Vermont as a limited liability company.[1] This certificate further indicates that, as of October 8, 2018, "the

---

[1] Plaintiff requests that the court take judicial notice of its Certificate of Good Standing filed with the Vermont Secretary of State. "It is . . . well established that when the question is subject matter jurisdiction, the court is permitted to rely on information beyond the face of the complaint." *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005); *see also United Food & Commercial Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (permitting courts to "look outside th[e] pleadings to other evidence in the record" when examining jurisdiction). Defendants have not objected to

company has perpetual duration[] . . . and that as of [that] date, articles of dissolution/withdrawal have not been filed." (Doc. 80-1 at 1.)

In addition, Plaintiff seeks damages and unpaid rent in the amount of $3,000. For purposes of diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(a); 1446(c)(2). In their notice of removal, Defendants claim that the property has "a value of at least $151,000[,]" (Doc. 1 at 3), and they assert damages in their counterclaim in the amount of $2,000,000. However, "the amount in controversy for jurisdictional purposes should be measured strictly from the plaintiff's perspective, without regard to the damage caused to any other party." *Cowan v. Windeyer*, 795 F. Supp. 535, 537 (N.D.N.Y. 1992) (citing cases).

Because all the parties are citizens of Vermont and the amount in controversy does not exceed $75,000, the Magistrate Judge correctly concluded that diversity jurisdiction does not exist.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 78) as the court's Order and Opinion, REMANDS this matter to the Vermont Superior Court, Washington County Civil Division, and GRANTS Plaintiff's motion to remand. (Doc. 80.)

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 30th day of April, 2019.

Christina Reiss, District Judge
United States District Court

---

this request, although they object to the document's contents and import. Accordingly, the court takes judicial notice of Plaintiff's Certificate of Good Standing and hereby permits the parties ten (10) days to request an opportunity to be heard on the propriety of judicial notice. *See* Fed. R. Evid. 201(e) ("If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.").

8