UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT
At Burlington

2019 JUN 13 PM 1: 47

| | |
|---|---|
| "HARMONY HOLDINGS, LLC"<br>Named Plaintiff, | Case No: 2:18-cv-00203-jmc |
| v. | |
| IAN LOUNSBURY, and<br>LINDA LOUNSBURY,<br>Named Defendants, and<br>JAN VAN ECK, as necessary third party<br>Pursuant to Rule 19 | June 10, 2019 |

## MOTION FOR SANCTIONS

The necessary third party defendant pursuant to (State) Rule 19, Jan van Eck, herewith issues his Motion for Sanctions as against Plaintiff and its counsel [Oliver L. Twombly], consequent to egregious violations of the Rules of Court, constituting a contempt. Counsel Twombly has attempted to insert into this litigation various elements of a Count-mandated "settlement conference" prior to a Hearing on or about November 27, 2018. It is black-letter law that settlement conferences are absolutely privileged, are not to be part of the Court Record and may not be referenced or described to any Court, and may not be incorporated into Motion papers or other documents placed before the Court.

Nonetheless, counsel Twombly has gone to substantial lengths to describe to this U.S. District Court his version of discussions in [State] Court-mandated settlement proceedings. Further, and equally outrageous, counsel Twombly has inserted what he represents are third-party discussions as to yet other matters, none of which impact these Proceedings and involve other non-Parties.

1

For these reasons, the necessary third-party Defendant Jan van Eck submits his Motion for Sanctions to the Court and asks this Court to impose Sanctions of a fine of $5,000.00.

**Brief History**

This cause commenced with the issuance of a paper styled as a "demand Letter" which was titled to "Mr. and Mrs. Lounsbury." The return address of that Paper was a postal box in Box Elder, South Dakota. See: **Exhibit "C"**, Appended to **Doc. 1**.

There is no "Mr. and Mrs. Lounsbury."

Plaintiff by counsel Twombly then filed this instant suit, alleging that the defendants were "Mr. and Mrs. Lounsbury." The Complaint was founded on an Affidavit sworn by a James Cutrera, represented to the Court as being the "Property Manager," and asserting under oath that the residents therein were "tenants" and were named "Ian Lounsbury" and "Linda Lounsbury." See: *Complaint*, **Doc. 4**

It turns out that Mr. Cutrera was not a property manager of anything; he was the fellow that was hired to do rebuilding of the Property prior to its sale.

Plaintiff had signed a *Purchase and Sale Agreement* with Mrs. (Linda) Van Eck and was granted, within the four corners of that Agreement, the right to move into the Property prior to closing. It turns out that although the Agreement was proffered by the claimed entity "Harmony Holdings LLC," in fact the principal there of, one Nancy Carpenter, was treating the monies as interchangeable with her own. Under cross-examination in Court, Carpenter admitted that she used Harmony Holdings funds to make payments on her personal credit cards, for example.

2

The Purchaser, defendant herein, became suspicious of the legal standing of the nominal Seller, made inquiries, and discovered that the "business address" of "Harmony" was a private home that had been sold to people from Boston the previous year. Defendants sought to take the deposition of those purchasers to determine if "Harmony" had anything to do with the place, a Motion that was massively resisted by plaintiff by counsel.

The court, however, did upon Defendants' Motion Order plaintiff by counsel to submit to the (State) Court satisfactory evidence that the named plaintiff had legal existence by date certain. This plaintiff by counsel did not do. Counsel Twombly attempted to belatedly introduce a paper manufactured by Carpenter, which the State Court rejected.

Thus at this point in the Pleadings there is no satisfactory evidence before the Court to support the proposition that plaintiff "Harmony Holdings LLC" has any legal existence.

Out of this Dog's breakfast plaintiff's counsel Twombly attempted to cobble together a new and novel version of his Complaint, in a belated effort to dispose of the inconvenient truths that Defendants had discovered. That is the *Amended Complaint*, **Doc. 18**.

However, the Amended Complaint was not Served upon the Defendant parties in conformance with the Rules of Practice, and was certified as to service as to being made to "Ian Lounsbury" – who does not exist. Thus the current status of the Pleadings is that the operative Complaint is the initial Complaint, **Doc. 4.**

3

During the course of discussions between the Rule 19 necessary Party Jan van Eck and Nancy Carpenter, it was revealed that Carpenter was attempting to acquire an interest in yet another property to go either build on or rehab, and asked for cash funds from Jan van Eck to make that possible. The defendant JVE as amenable and these advanced to Carpenter and her alter ego person "Harmony" certain CAPEX funds that commenced with $1,000 per month, then to $1,300, then ultimately to $1,500. These are the funds that Carpenter/harmony now is seeking to qualify as "rentals." In actual fact, no rental agreement was ever constructed, no rental accounting has ever been proffered nor submitted to the trial court, and the first that any rental agreement surfaced was in the month before commencement of this suit, demanding now $1,800/month, which the Defendant has refused.

IN the interim, Carpenter received other benefits that negate the commencement of this Action, which was stated as revolving on $3,000. More particularly but without limitation, after taking possession Carpenter had her builder Cultrera remove the new refrigerator, valued at $1,400; received the sum of $500 for the installation of wiring to the washer and dryer, and the installation of plumbing lines; and another $400 for the installation of closet hangar poles and shelves, which shelves were never installed. Indeed, the entire property was bereft of any customary furnishings, including shelves, clothes poles, the wiring recited, towel racks, toilet paper holders, shower poles, or anything else. All that has been provided subsequent to possession by the defendants herein.

Additionally but without limitation, the plaintiff has $1,000 in purchase money deposits which Plaintiff has not refunded. Thus, in sum: not including any of the Capital

4

expenditure funds ("the CAPEX"), plaintiff has received $1,400 for the refrigerator, $1,000 for the deposit monies on the Purchase and Sale Agreement, and $900 for permanent improvements, totaling $3,300, which stands in excess of the $3,000 that plaintiff claims "Mr. and Mrs. Lounsbury" owed in "rent arrears."

It is the abject failure of providing any accounting, now coupled with outrageous demands (the latest demand sfor "rents" are roughly twice the market rates for such a property) and the failure to close the purchase transaction that has led to the current impasse – all exacerbated by counsel Twombly.

**Discussions as to yet another litigation matter.**

In egregious breach of Rules of Court as relates to Settlement Discussions, counsel Twomby for plaintiff has entered a long diatribe against the necessary party under Rule 19 Jan van Eck, to be found in the plaintiff's Objection to being heard on the issue of Judicial Notice. That is to be found on page 2 therein. Twombly first describes the "settlement offer" as being "totally unreasonable and unacceptable." That Offer was for his client to close the Purchase Transaction the next day.

Counsel Twombly, after other aspersive remarks, then starts attempting to set forth his version of a claimed discussion between Carpenter and Jan van Eck, in which he was not a participant but nevertheless categorizes as "bragging." He then claims that that other case went on for (2) two years "before Plaintiff was able to get relief."

Now this recitation deserves some further discussion. The matter being referenced is a Connecticut (State) Court case, First Niagara Bank v. James Wysocki et al, TTD-CV-15-4023213-S. Wysocki is a commercial airline pilot and would pay a mortgage loan payment each month in person at a local branch of Niagara. Apparently

5

he was using his wife's titled checking account, same family name, same address, preprinted on the checks, although the account had been converted into a joint account and he was a proper signatory thereon. Nonetheless, some clerk within Niagara proceeded to case the checks, hold the funds, and not credit same, accusing Wysocki of committing "bank fraud." Niagara then sued in foreclosure, received a default judgment under murky circumstances immediately thereafter, and filed an eviction action.

First Niagara then sued Wysocki's very elderly mother, who lived in another town, as additional defendant, asserting that the mom also lived in the Wysocki home and was liable on the debt, now also what Niagara categorized as "rent." Niagara then spent some $180,000 on legal fees pursuing the mom and the pilot. When facing massive damages actions, Niagara finally cancelled the mortgage, handed over the house, and removed itself form the entanglement, which was of its own creation, accepting an overall hit of $1,200,000.

The Court may be mindful that I was not a Party to that action, had no interest in it, and all I could say of the matter was that the defendant family were old friends of mine. Counsel Twombly, who was not a participant to any of these discussions nevertheless inexplicably converts these into "bragging," although it is impossible to fathom what the intent of that is, other than in some effort to cast aspersions. What I have to do with it is beyond me.
Nonetheless,it is a rank effort at defamation in perhaps some ill-conceived effort to gain advantage. That it reflects on settlement discussions requires a stern rebuke.

Wherefore, the defendant Jan van Eck Motions this Court to impose Sanctions, and suggests the sum of $5,000 would be proper.

BY THE NECESSARY DEFENDANT<br>
Pursuant to Rule 19,

*[signature]*

JAN VAN ECK<br>
P.O. Box 767<br>
Roxbury vt 05669

Certificate of service

Serevice is certified by deposit of a true copy into the United States Mails on June 12, 2019, addressed to:

Oliver Twombly
188 S. Main St.
Barre, VT 05601

*[signature]*
Defendant

7